## EDWIN S. WOODS & CO. et al. v. MINER.

(Circuit Court of Appeals, Seventh Circuit. June 29, 1923. Rehearing Denied September 18, 1923.)

### No. 3203.

Patents ⇐328—984,236, for improvements in roller side bearings for railway cars, held valid and infringed.

The O'Connor patent, No. 984,236, for improvements in roller side bearings for railway cars, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by William H. Miner against Edwin S. Woods & Co. and another. Decree for complainant, and defendants appeal. Affirmed.

Taylor E. Brown, of Chicago, Ill., for appellants.

Joseph Harris, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Appellee's bill for infringement of patent No. 984,236, February 14, 1911, for improvements in roller side bearings for railway cars, was sustained.

A car body is supported on trucks. Each truck has a bolster extending transversely to the car. Upon the truck bolster rests at its center a corresponding body bolster rigidly attached to the underside of the car body. These bolsters are pivotally connected at their centers by a king pin. It was old in the railroad car art to put anti-friction devices between the ends of the body bolster and truck bolster to reduce the frictional resistance to the swiveling of the truck with respect to the car body.

A modern freight car weighs many tons. Its loading capacity is many times its own weight. These great combined weights by joltings and swayings throw tremendous strains upon the anti-friction rollers and the opposed bearing surfaces of the bolsters. Cars are of many makes. Bolsters are usually rough castings. They are of divers patterns. Even when of the same pattern they are not strictly uniform. In service they frequently become somewhat distorted. Many persons appreciated the desirability of being able to make in a factory a roller side bearing that could be assembled as a unit, could be used in connection with the different makes and conditions of bolsters, would accommodate itself to all the normal strains of swayings and joltings

without injury to itself or the bearing surfaces of the bolsters, could be attached to either the upper or lower bolster, and was simple and strong in construction.

O'Connor (appellee's assignor) understood the need and undertook to meet it in a unitary structure comprising three main elements: A rectangular bolster bearing plate (serving as a housing for the other members); an intermediate rocker bearing plate; and a cylindrical roller. The bolster bearing plate is riveted to either the body or truck bolster; the rocker bearing plate is tiltably mounted in the bolster bearing plate so that the axis of oscillation is transverse to the bolster; and the cylindrical roller is journaled in the rocker bearing plate on an axis transverse to the axis of oscillation of the rocker bearing plate. This structure has been a mechanical and a commercial success.

O'Connor's solicitors framed and the Patent Office allowed six claims, which with varying particularity of detail cover structures embodying the three main features above described. Appellants divide these claims into two groups; claims 1 to 4, inclusive, in one group, and claims 5 and 6 in the other. And thereupon they assert that the decree, if sustained at all, must be limited to one claim in each group, and that appellee must be directed to file a disclaimer of the others. If we should examine the claims microscopically, and finally conclude that a certain claim was not patentably different from a certain other claim, and thereupon require a disclaimer, the decree for injunction and accounting against appellants would not be abated a whit in its consequences, and we might find in the very next case that we had required a disclaimer of the only claims that would clearly cover that infringement. We do not think that this is a case for disclaimers. We subjoin claim 3 as furnishing an adequate basis for deciding the questions of patentable novelty and infringement.

"3. The combination with upper and lower bolster bearing plates, of a supplemental rocker bearing plate mounted to tilt about an axis transverse to the bolster and an anti-friction roller interposed between said rocker bearing plate and one of said bolster bearing plates and extending across said bearing plates and journaled at its ends in said rocker bearing plate, the axis about which said supplemental bearing plate tilts being transverse to the axis of the anti-friction roller, substantially as specified."

This claim reads upon the structure hereinabove described and which is more elaborately detailed in the specification. In the practical art the O'Connor structure was a substantial advance and nothing therein negatives the patentable novelty of the O'Connor claims. As illustrative of the prior published art 17 patents were put into the record by appellants. Their expert selected 4 as being the nearest to an anticipatory disclosure of the O'Connor conception. Counsel have added 3. We have examined them all, and we agree with the master and the trial judge in finding no anticipation and no lack of invention. Even with the help of expert and counsel, we have been unable to see in the patents for turntables and furniture casters the roller side bearing for railway cars which we believe first had its being in the creative imagination of O'Connor. Compare Foster v. T. L. Smith Co., 244 Fed. 946, 952, 953, 157 C. C. A. 296. In the side bearing art the patent to Pratt, No. 30,547, October 30, 1860, is most strongly relied on. But,

as in the case of the Tiber bridge, cited in Chicago v. Strauss Bascule Bridge Co. (C. C. A.) 261 Fed. 358, the verbal description cannot be clearly determined without reference to the drawings, and the experts, having used magnifying glasses in their readings of the drawings, disagree radically with respect to the disclosure. The Pratt patent is not "a substantial representation of the patented improvement." Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Eames v. Andrews, 122 U. S. 40, 7 Sup. Ct. 1073, 30 L. Ed. 1064:

*Infringement.* In the drawing and explanatory description the rocker bearing plate rocks or tilts about a relatively fixed axis. In appellants' device the rocker bearing plate rocks or tilts like a rocking chair and so the axis is a shifting one; but the limit of the shift is so slight (about one-eighth of an inch in commercial practice) as to be without any practical effect upon the operation and result. Furthermore it is to be noted that while the claim locates the anti-friction roller as "journaled at its ends in said rocker bearing plate," the rocker bearing plate is "mounted to tilt about an axis transverse to the bolster." The contrasting words are "journaled" and "mounted to tilt." The claim, in our judgment, was properly drawn broad enough to cover any mounting that secures the necessary tilting in the combination.

The decree is affirmed.